UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH GRIFFIN, <br><br>     Plaintiff, <br><br> v. <br><br> CBS CORPORATION, et al., <br><br>     Defendants. | CASE NO. C16-0584JLR <br><br> ORDER TRANSFERRING VENUE |

## I.   INTRODUCTION

This matter comes before the court on Plaintiff Sarah Griffin's motion to transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a).  (Mot. (Dkt. # 14).)  Of the current defendants in this matter, only Defendant San Diego Gas & Electric Company ("SDG&E") filed an opposition.  (*See* Resp. (Dkt. # 22).)  SDG&E agrees that transfer to the Southern District of California is appropriate but argues that transfer should occur under 28 U.S.C. § 1406, rather than under Section 1404, because venue is improper in the Western District of Washington.  (*Id.* at 1-3.)  The court has

ORDER- 1

considered the submissions of the parties, the appropriate portions of the record, and the relevant law, and no party has requested oral argument. Considering itself fully advised, the court GRANTS Ms. Griffin's motion and TRANSFERS the case to the Southern District of California pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND

This is an asbestos case in which Ms. Griffin seeks to recover damages related to her recent mesothelioma diagnosis. (Compl. (Dkt. # 8-1).) Ms. Griffin alleges she contracted mesothelioma from secondary exposure via her late husband, Ronald Griffin. (*Id.* at 2.) Mr. Griffin worked as a "boiler man" in the Navy and then as a "boiler operator" at SDG&E. (*Id.* at 2-3.) Ms. Griffin's alleged exposure to asbestos occurred from the 1950s to the 1970s. (*Id.* at 3.) Ms. Griffin filed this lawsuit against numerous defendants in King County Superior Court, and Defendant Crane Co. removed the case to the Western District of Washington on the basis of federal-officer jurisdiction.[1] (*Id.*; Not. of Removal (Dkt. # 1) at 1.)

Ms. Griffin's testimony demonstrates that this case never had any meaningful connection to the Western District of Washington. (Bergman Decl. (Dkt. # 15) ¶ 2, Ex. 1 ("Griffin Dep.") at 119:7-122:18.) Ms. Griffin has never lived in or visited Washington State and does not own any property in Washington. (*Id.* at 119:7-120:8.) Mr. Griffin's employment in the Navy occurred at sea, in Long Beach, California, and in Illinois. (*Id.*

---

[1] Because Crane removed this case based on federal-officer jurisdiction (Not. of Removal at 1), Crane was not obligated to indicate that the other defendants joined in the removal, *see Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

at 121:6-12.) His employment outside of the Navy took place entirely in California. (*Id.* at 121:3-5.) In sum, based on the evidence in the record and argument before the court, this suit has no connection to the Western District of Washington.

The parties agree that the Southern District of California is a more appropriate venue for this lawsuit. (*See* Mot. at 2 (framing the issue as whether the court should transfer to the Southern District of California "when virtually all of the evidence in this case is located in [that] district and it is the domicile of Plaintiff"); Resp. at 1 (agreeing "that the Southern District of California is the appropriate venue for Plaintiff's claim").) However, SDG&E argues the case should be transferred pursuant to Section 1406 because the Western District of Washington "is not now and never has been the proper venue for Plaintiff's claims." (Resp. at 1-2 (citing 28 U.S.C. § 1406(a)).) Plaintiff's motion to transfer venue is now before the court.

### III.   ANALYSIS

"Although both [§ 1404 and § 1406] were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Typically, the burden rests with the plaintiff to demonstrate proper venue in the chosen district pursuant to 28 U.S.C. § 1391. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). However, Section 1391 does not apply to cases removed from state court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). In removal cases, the applicable removal statute governs venue. *Id.*

Section 1442, the removal statute that applies to federal officers, provides that certain actions implicating federal officers "may be removed by them to the district court of the United States for the district and division embracing the place where it is pending." 28 U.S.C. § 1442(a); *see also Hart v. United States*, No. 2:03-CV-1133, 2004 WL 1559569, at *7 (S.D. Ohio May 17, 2004) ("Both § 1441(a) and § 1442(a) provide that the proper venue of a removed action is the district court of the United States for the district and division embracing the place where such action is pending."). Because the language of Section 1442 that pertains to venue mirrors that of Section 1441, the court finds confirmation of this interpretation in the more expansive collection of caselaw addressing Section 1441.[2]  *Compare* 28 U.S.C. § 1441(a) *with id.* § 1442(a). Under Section 1441, much like under Section 1442, "[v]enue is proper if removal is to the district in which the state action was pending and the federal court has jurisdiction." *Skillnet Sols., Inc. v. Entm't Publ'ns, LLC*, No. C 11-4865 PSG, 2012 WL 692412, at *4 (N.D. Cal. Mar. 2, 2012) (citing 28 U.S.C. § 1441(a)).

Here, Ms. Griffin initially filed this action in King County Superior Court, and Crane removed it to this district, which is the district where the state action was pending. (*See* Not. of Removal.)  No party has argued that removal was improper or suffered from procedural defects. (*See* Dkt.)  There is no indication that this court lacks subject matter jurisdiction. And although SDG&E indicates an objection to personal jurisdiction (Resp.

---

[2] One could differentiate Section 1441 from Section 1442 in that the latter statute does not require all Defendants to consent to removal. *See Ely Valley Mines*, 644 F.2d at 1315. However, because no party has argued that this difference is relevant to the present circumstances, the court declines to consider its implications.

at 2), the court has "discretion pursuant to § 1404(a) to decide the question of whether a case should be transferred, even where a district court lacks personal jurisdiction," *CAN Metals W. Coast, LLC v. Am. Metal Grp., Inc.*, No. C10-5894RJB, 2011 WL 128119, at *3 (W.D. Wash. 2011) (citing *United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964)); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1211 (D. Haw. 2002) ("[T]his court may transfer venue under either § 1404(a) or § 1406(a) without regard to whether it has personal jurisdiction over [the defendant] . . . .").

Based on the foregoing analysis, the court concludes that notwithstanding this case's lack of connection to the Western District of Washington, the minimal requirements for venue in a case removed from state court are present. Accordingly, the court concludes Section 1404(a) is the appropriate statute under which to consider transfer. The parties agree—expressly or through non-response—that the Southern District of California is a preferable forum for this lawsuit, and it is clear that the convenience of the parties and witnesses, as well as the interest of justice, would be served by the transfer. Accordingly, the court will not require Ms. Griffin to "first show that there has been a change of circumstances since the suit was filed that warrants transfer," *Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010), nor will the court individually articulate its conclusions on the nine factors that the Ninth Circuit has prescribed under Section 1404(a), *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc.*, No. C 07-01519 WHA, 2007 WL 2900405, at *1 (N.D. Cal. Oct. 3, 2007) (concluding, without expressly considering each factor, that the factors favored

transfer of venue). Each of those factors is either neutral or favors transfer to the Southern District of California.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Ms. Griffin's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Dkt. # 14). The court DIRECTS the Clerk to transfer this case to the Southern District of California.

Dated this 13th day of June, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 6